DAVID MARSTON, appellant *v.* JOHN R. WILCOX, appellee.

*Appeal from Hancock.*

Where W. held a note dated Oct. 21, 1823, for $200, made by M. and payable to
W. thirty days after date; and another note for $453,10, dated Aug. 9, 1815,
signed also by M., and M. died March 9, 1831; and after M.'s death, a receipt
was found among his papers, given by W. to M. *in full of all demands,* dated
Feb. 3, 1831, and another receipt in which W. promised to collect a note for
$50, and to pay over the proceeds to the intestate, after deducting 25 per cent.
for collecting, dated December 25th, 1830: *Held* that the receipts were *prima
facie* evidence of the payment of the notes.

A receipt in full of all demands is *prima facie* evidence of the payment of all
notes and claims existing at the time the receipt is given.

THIS cause was decided in the Circuit Court at the April term,
1834, before the Hon. Richard M. Young.

A. WILLIAMS, for the appellant, cited 3 Blac. Com. 371; Gil-
bert's Ev. 204, 309; Espinasse's N. P. 3, 4; Jacob's Dict. title
*Acquittance;* Comyn's Dig. title *Release* E, 1; 2 Stark. Ev.
32; 3 Stark. Ev. 1085, 1271.

T. FORD and J. W. WHITNEY, for the appellee.

SMITH, Justice, delivered the opinion of the Court:

From the record in this cause, it appears that letters of admi-
nistration were granted to Wilcox, as a creditor of the estate of
one Morrill Marston, on the 7th of June, 1831. That on the
26th of Sept. 1831, on the application of the plaintiff, those
letters were revoked by the Judge of Probate, on the ground
that Wilcox was not a creditor of the intestate, and had obtained
the same by fraudulent representation of the indebtedness of the
intestate to him, and new letters were granted to the plaintiff, as
next of kin to the intestate. To this decision of the Probate
Court, Wilcox excepted, and appealed to the Circuit Court. The
Circuit Court reversed the decision of the Court of Probate, on
the ground of the want of authority in the Court of Probate to
review or reverse its first decision, on the alleged ground of
fraud. This decision of the Circuit Court was appealed from to
this Court, at a former term. This Court reversed the decision
of the Circuit Court, and remanded the cause, with direction to
proceed in the cause under the evidence.(1) The Circuit Court,
on a re-hearing of the cause, reversed the judgment of the Court
of Probate, on the testimony given in the cause, which is all
embodied in the bill of exceptions. From this decision the
plaintiff has appealed to this Court.

The only questions, then, to be now decided, rest entirely on
the character of that evidence, and the weight which should be

(1) *Ante* 60.

attached to it, and the legal force and presumption which accompany, and may be fairly and reasonably deduced from it.

The defendant, Wilcox, to establish his being a creditor of the intestate, produced a note for two hundred dollars, payable to Wilcox thirty days after date, signed by the intestate, and dated at Fort Edwards, Illinois, October 21, 1823; and another note for $453,10, payable to one Beavin Johnson, dated Salem, August 9th, 1815, and signed also by intestate. The intestate, it was proved, died 9th of March, 1831. The signature of the intestate is considered to have been proved, although a considerable number of the witnesses called to prove the hand writing, speak doubtingly and equivocally of the signature. On the part of the plaintiff, a receipt from Wilcox to the intestate *in full of all demands*, dated 3d February, 1831, and another receipt in which Wilcox promised to collect a note for $50, and to pay over the proceeds to the intestate, after deducting 25 per cent. for collecting, dated December 25th, 1830, were produced and read in evidence.

A witness on the part of the plaintiff, likewise proved that in 1830, the intestate gave an order on Wilcox for a small sum of money, which the witness presented to Wilcox, who either said he would pay it, or call and see the intestate about it. This witness, after the testimony was closed, was re-called on the next day, to establish some confession or statement that the intestate had said, " He had raised money for the said Wilcox, or had to raise some ;" but the evidence is altogether loose, vague, and too uncertain to be relied on, and seems to have been elicited from the witness, after his examination in chief on the day before, by Wilcox in a conversation intended to refresh the witness' memory, and is not altogether free from suspicions as to its character and credibility, from the manner in which it was brought out. This is the whole testimony in the case deemed to be material and applicable to the matter in controversy ; and the point to be determined seems to be the simple question of the effect of the receipt in full, and whether it is not *prima facie* evidence of an extinguishment of the two notes of hand held by Wilcox. When the great lapse of time is considered between the making of the notes and the time of setting up the demand under them, the period in the one case being over sixteen years, and in the other eight years, there can, I should suppose, be no doubt left on the mind, that these were stale demands. The party holding them during all that period of time, without having made a demand of payment, and no acknowledgment of the intestate at any time that he owed the several amounts, appearing, should, under every just and legal presumption, be considered as being concluded by his receipt executed in 1831; and such receipt must be taken to be—in the absence of evidence to show that the

notes were excepted from its general and comprehensive terms—what the phraseology imports, a receipt in full of all claims whatsoever.    If it was not so intended by the party signing it, then it rested with him to show, by evidence, that such exception was made, and that might have been shown by the declaration of the parties at the time of making such receipt, by acknowledgment of the intestate afterwards, or by an admission of the intestate that he owed the notes, or any other act or declaration equivalent thereto.    On the contrary, the force of the receipt and the strong presumption from the great lapse of time, that the notes had been liquidated and paid, are greatly fortified by the receipt given in 1830, for the note received for collection, and the testimony relative to the order given by the intestate in 1830, on Wilcox, for money, and his reply thereto.    It is inconceivable to suppose that if Wilcox held these notes at the time, and they were in reality due and unpaid, he should not have asserted the indebtedness of the intestate to him on the presentation of the order, and should not also have required the application of the proceeds of the note given for collection, towards the payment of his demands arising under the two notes.

From the receipt, and the concurring acts and circumstances accompanying the whole transactions between the parties, as developed by the testimony, it is apparent that the judgment of the Circuit Court is erroneous.    It is accordingly reversed ; and judgment is to be entered in this Court for the appellant, with the costs in this Court, and in the Circuit and Probate Courts.

*Judgment reversed.*